```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
CALVIN EDWARD COOKSEY,

                  Plaintiff,            14-cv-7146 (JGK)

     - against -                        MEMORANDUM OPINION AND
                                        ORDER
GLOBAL GRIND DIGITAL ,

                  Defendant.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The defendant has moved to redact certain portions of the Amended Complaint and to file the unredacted Amended Complaint under seal. For the reasons that follow, the defendant's motion is granted.

## I.

The defendant, Global Grind Digital, runs a website largely devoted to celebrity news. In August 2014, the plaintiff, proceeding *pro se*, filed an initial complaint against Global Grind, its former CEO Russell Simmons, and Interactive One, the company that acquired Global Grind in late 2014. In the initial complaint, the plaintiff alleged that the defendants libeled and defamed him by publishing an article on Global Grind's website referring to him as a "deadbeat dad." On November 5, 2014, Chief Judge Preska dismissed the initial complaint *sua sponte* for lack of federal subject matter jurisdiction. The Court of Appeals for the Second Circuit reversed, holding that the

plaintiff, a citizen of California, should be permitted to amend his complaint to eliminate the non-diverse defendants, Russell Simmons and Interactive One.  See Cooksey v. Simmons, et al., No. 15-1087 (2d Cir. July 6, 2015) (summary order).

In September 2015, the plaintiff, again proceeding *pro se*, filed an Amended Complaint only against Global Grind, which is based in New York.  The plaintiff repeated many of the same allegations from his initial complaint but added a series of allegations directed at Global Grind and its counsel that are the subject of this motion.

In short, the plaintiff takes umbrage to an article by Brittany Lewis that appeared on Global Grind on December 19, 2012 entitled "Black American Dad Story! Frank Ocean Says His Father Threatened to Sue Him (DETAILS)."  The article describes an allegation by the plaintiff's son, Frank Ocean, and includes a reference to the plaintiff being a "deadbeat dad."

The plaintiff alleges that he is not a "deadbeat dad," and that Global Grind committed libel and defamation, among other torts, by publishing the story about the allegation by the plaintiff's son without conducting more diligent research.  See generally Amended Compl. at 5, 13, 16.[1]  He seeks damages of $142 million from Global Grind, claiming that the article's

---

[1]  The pagination of the Amended Complaint is difficult to follow.  The citations here refer to the page numbers of the ECF document.

2

characterization of him as a "deadbeat dad" hurt his reputation and deprived him of lucrative professional opportunities in the entertainment business.  See, e.g., id. at 12, 15.  He also alleges emotional and mental distress from the alleged defamation.  Id. at 27.

According to counsel for the defendant, beginning in June 2015, the plaintiff began communicating by email with the defendant's counsel and leveled increasingly outlandish accusations, alleging that Global Grind and its counsel destroyed evidence by removing the article from the Global Grind website.  The defendant's counsel informed the plaintiff that the article was not destroyed and that Global Grind had preserved a screenshot of what had appeared on its website on December 19, 2012, including the article.  See Amended Compl., Ex. H.  The defendant has also enclosed a copy of the article with papers filed in this action, showing that the allegedly libelous article has been preserved.

The defendant moves to seal those portions of the Amended Complaint that contain allegations by the plaintiff that the defendant and/or its counsel destroyed evidence and committed related wrongs.

In late-September 2015, the Court ordered the original and Amended Complaints sealed.  The defendant subsequently filed a motion to file a redacted Amended Complaint in lieu of the

3

Amended Complaint in its unredacted form.  See Declaration of Lisa M. Buckley, Ex. 1, ECF No. 29-1 (proposed redacted version of Amended Complaint).

**II.**

The public has a qualified right of access to judicial proceedings and documents, under both the common law and the First Amendment.  Nixon v. Warner Commc'ns, 435 U.S. 589, 597-98 (1978) (common-law right of access to judicial documents); Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 3 (1986) (First Amendment right of access to preliminary hearings). The Court of Appeals for the Second Circuit has recognized both of these rights with respect to judicial documents.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

The common law right of access to judicial proceedings and documents creates a presumption in favor of public access to, and against sealing of, judicial documents.  United States v. Amodeo, 71 F.3d 1044, 1047-48 (2d Cir. 1995).  A court must undertake a three-part inquiry to determine whether there is a common-law right of access to a document submitted to the court. First, a court must determine whether the document is a "judicial document," such that a presumption of access attaches. Second, if the document is indeed a "judicial document," the court must determine the weight to be accorded the presumption of access.  Finally, after determining the weight of the

presumption of access, the court must balance any countervailing factors against the presumption.  Id. at 1050-51; see also United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006).

The Supreme Court has also recognized a presumptive right of access to judicial proceedings and documents under the First Amendment.  Determination of this right involves an inquiry referred to as the "experience and logic" test.  Press-Enterprise, 478 U.S. at 8-9; see also Lugosch, 435 F.3d at 124 (holding qualified First Amendment right exists for access to documents submitted in support of and in opposition to a summary judgment motion).  The "experience" prong requires a court to determine "whether the place and process have historically been open to the press and the general public," and the "logic" component requires the court to ascertain "whether public access plays a significant positive role in the functioning of the particular process in question."  Press-Enterprise, 478 U.S. at 8.  If the "experience and logic" test is satisfied, there is a presumption of access, which can be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Press-Enterprise, 478 U.S. at 9 (citation omitted); see also Sattar, 471 F. Supp. 2d at 384-85.

**III.**

Applying the three-part common law inquiry to the facts at hand, the Court concludes, first, that the Amended Complaint is a judicial document. Second, an Amended Complaint, like other documents that "directly affect an adjudication" typically would be "entitled to the strongest presumption of public access." Sattar, 471 F. Supp. 2d at 385 (citation omitted).

However, in this application, the defendant moves only to redact those portions of the Amended Complaint that allege the defendant or its counsel destroyed evidence or violated legal or ethical standards. The evidence in the record plainly contradicts the plaintiff's claims of spoliation and concealment. Accordingly, the portions of the Amended Complaint at issue do not directly affect the adjudication because they are frivolous and could not affect the decisions in the case. The public has no substantial interest in accessing baseless allegations especially where, as here, the redactions are narrowly tailored to redact a small part of the Amended Complaint.

Third, the countervailing factors weigh strongly against the presumption of access to the unredacted Amended Complaint. The defendant and its counsel have an interest in protecting their reputations and privacy interests, which courts have recognized constitute sufficiently substantial interests so as

to overcome a presumption of access.  See Amodeo, 71 F.3d at 1050-51 (quoting Application of Newsday, Inc., 895 F.2d 74, 79-80 (2d Cir. 1990)); Sattar, 471 F. Supp. 2d at 388 (presumption of common-law public right of access overcome with respect to private, personal matters).  In short, the public presumption in favor of access should not be "used to gratify private spite or promote public scandal," as it would here.  See Nixon, 435 U.S. at 598 (citation omitted)

It is unnecessary to decide whether the First Amendment right of access applies to the Amended Complaint because, even assuming that the right does apply, the interest in personal privacy for the frivolous allegations redacted from the Amended Complaint provides a sufficiently compelling interest to overcome that right.  The Court has carefully reviewed the redacted Amended Complaint to assure that the redactions are narrowly tailored to redact only the allegations as to which there is a sufficiently compelling interest in privacy.  See Sattar, 471 F. Supp. 2d at 389.

## CONCLUSION

The defendant's motion to redact certain portions of the Amended Complaint is **granted**.  The Clerk is directed to file the defendant's proposed redacted version of the Amended Complaint (ECF No. 29-1) in lieu of the Amended Complaint in its unredacted form.  The Clerk is also directed to close ECF No. 28.

**SO ORDERED.**

**Dated:    New York, New York**
**January 25, 2016**                    _____/s/_____
                                         **John G. Koeltl**
                                **United States District Judge**