**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------

**CALVIN EDWARD COOKSEY,**

             **Plaintiff,**          14-cv-7146 (JGK)

      - against -          **MEMORANDUM OPINION AND**
                                          **ORDER**
**GLOBAL GRIND DIGITAL ,**

             **Defendant.**
--------------------------------------

**JOHN G. KOELTL, District Judge:**

      The plaintiff, moving *pro se*, filed a motion for "automatic[] disqualification" of the Court, which the Court construes as a motion for the Court to recuse itself.

      The essence of the plaintiff's argument is that the Court gave improper legal advice to the defendant during a conference when the Court said it would not indefinitely seal the entire Amended Complaint, as the defendant preferred, but instead placed the burden on the defendant to make an application to justify sealing only parts of the Amended Complaint.

      The Court has reviewed the papers.  The plaintiff has failed to present any colorable grounds for recusal.  The Court has the obligation in the first instance to review the allegations to determine if they are legally sufficient.  See, e.g., In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("Discretion is confided in the district judge in the first instance to determine whether to disqualify himself."). "A

1

judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." Id.

Here there is no showing of bias and none exists. The plaintiff's accusations are frivolous. For example, the Court's instruction to the defendant to file an application to justify the sealing of only parts of the Amended Complaint actually favored the plaintiff. Other contentions---including that the defendant faxed material to the Court that it did not provide to the plaintiff---are contradicted by the plaintiff's own filings, and still others---including that the Court is biased against the plaintiff---are conclusory and untrue.

The Court will continue to decide all matters in this case based solely on the facts presented in this case and the law. The plaintiff may disagree with rulings of this Court, but that disagreement is not a ground for finding bias and is not a basis for disqualification under either 28 U.S.C. § 144 or 28 U.S.C. § 455. See, e.g., Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal."); see also Morris v. Citibank, No. 97cv2127 (JGK), 1999 WL 14682, at *1 (S.D.N.Y. Jan. 15, 1999); S.E.C. v. Zubkis, No. 97cv8086 (JGK), 1998 WL 567830, at *1 (S.D.N.Y. Sept. 3, 1998).

The plaintiff also moves to stay all proceedings.  There is no reason to do so.  The case is not stayed.  The plaintiff also asks for the "disqualification" of Chief Judge Preska, even though the case is not before her; that request is denied.

The Court denies the plaintiff's motion for "automatic[] disqualification" in its entirety.

The plaintiff's time to respond to the Motion to Dismiss the Amended Complaint, ECF Docket No. 49, is extended to **May 09, 2016.**  The time to reply is extended to **May 23, 2016**.  This motion has been pending since February 16, 2016.  If the plaintiff fails to respond to the motion, the Court will decide the motion on the papers already submitted.

The Clerk is directed to close ECF Docket No. 58.

**SO ORDERED.**

**Dated:**     New York, New York
          April 20, 2016                 _____/s/_____
                                              **John G. Koeltl**
                                         **United States District Judge**